25CA1733 Peo in Interest of BD 03-05-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA1733
Montezuma County District Court No. 24JV20
Honorable William Young Furse, Judge

---

The People of the State of Colorado,

Petitioner,

In the Interest of B.D., a Child,

and Concerning C.B.,

Appellant,

and

B.D.,

Appellee.

---

JUDGMENT AFFIRMED

Division IV
Opinion by JUDGE SCHUTZ
Freyre and Brown, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced March 5, 2026

---

No Appearance for Petitioner

Beth Padilla, Guardian Ad Litem

The Morgan Law Office, Kristofr P. Morgan, Colorado Springs, Colorado, for Appellant

One Accord Legal, LLC, Katelyn B. Parker, Greenwood Village, Colorado, for Appellee

¶ 1    In this dependency and neglect proceeding, C.B. (mother) appeals the juvenile court's judgment allocating parental responsibilities for seven-year-old B.D. (the child) to mother and B.D. (father), with father serving as the primary residential parent during the school year.  We affirm.

## I.    Background

¶ 2    The child lived with mother and father in Rico during the first six years of her life, attending school in Telluride, before mother moved with the child to Cortez in the fall of 2024.  Shortly thereafter, mother filed a petition for allocation of parental responsibilities.

¶ 3    During the domestic relations case, the domestic relations court ordered the Montezuma County Department of Social Services to investigate child safety concerns.  The court also entered a temporary order for the child to reside primarily with mother with the Department's protective supervision.  The Department then filed a petition in dependency and neglect.

¶ 4    Both parents entered no-fault admissions, and the juvenile court adjudicated the child dependent or neglected with regard to both mother and father and adopted treatment plans for both

parents. Later, the juvenile court set a contested allocation of parental responsibilities (APR) hearing. The juvenile court's resulting APR order made father the primary residential parent during the child's school year.

## II. Mother's Primary Argument

¶ 5 Mother argues that the juvenile court erred by relying solely on best interest factors from the Uniform Dissolution of Marriage Act (UDMA) in determining that father should be the child's primary custodial parent during the school year. She argues that the juvenile court did not apply the required provisions of the Children's Code. We are not convinced.

### A. Standard of Review and Relevant Law

¶ 6 Allocating parental responsibilities is a matter within the sound discretion of the juvenile court. *See In re Parental Responsibilities Concerning B.R.D.*, 2012 COA 63, ¶ 15. When there is record support for the court's findings, its resolution of conflicting evidence is binding on review. *Id.* However, whether the court applied the correct legal standard presents a question of law that we review de novo. *Id.*

¶ 7    The tests for determining parenting time pursuant to the UDMA and the Children's Code are not identical. *L.A.G. v. People in Interest of A.A.G.*, 912 P.2d 1385, 1391 (Colo. 1996). In custody proceedings initiated pursuant to the UDMA, a district court must "determine [parenting time] . . . in accordance with the best interests of the child" applying the factors specifically enumerated in section 14-10-124(1.5), C.R.S. 2025. *See also L.A.G.*, 912 P.2d at 1388.

¶ 8    But when allocating parental responsibilities in a dependency or neglect proceeding, the court "shall hear evidence of the proper disposition best serving the interests of the child and the public," *L.A.G.*, 912 P.2d at 1391 (citation omitted), and consider the legislative purposes of the Children's Code, *id.* at 1385. *See also People in Interest of L.B.,* 254 P.3d 1203, 1208 (Colo. App. 2011). The overriding purpose of the Children's Code is to protect a child's welfare and safety by providing procedures through which the child's best interests can be served. *See* § 19-1-102(1), C.R.S. 2025; *L.G. v. People,* 890 P.2d 647, 654 (Colo. 1995). Still, a juvenile court may consider provisions of the UDMA, including the best interest factors in section 14-10-124, so long as the court's

focus remains on the child's safety and protection and not on the parents' custodial interests. *People in Interest of H.K.W.*, 2017 COA 70, ¶ 13.

## B. Analysis

¶ 9 The juvenile court's written order indicates that it "considered evidence and testimony along with the factors outlined in section 14-10-124." And its oral findings are consistent with many best interest factors from section 14-10-124(1.5)(a) and (a.5). The court considered

- the wishes of the child regarding parenting time and concluded that the child's young age gave her wishes "minimal weight when determining her best interests," *see* § 14-10-124(1.5)(a)(II);

- the bond between the child and parents and determined that "the child's best interests are served through equal parenting time tempered by the child's school needs," *see* § 14-10-124(1.5)(a)(I), (III), (IV);

- the distance between the parents' residences and the fact that child exchanges have been going smoothly, § 14-10-124(1.5)(a)(VIII);

4

- mother's mental health conditions, including a finding that they "significantly impair at times her cognitive functioning and her ability to fulfill her parental responsibilities," *see* § 14-10-124(1.5)(a)(V); and

- that Colorado law requires it to give "paramount consideration [to] the child's physical, mental, and emotional conditions and needs," *see* § 14-10-124(1.5)(a.5).

¶ 10    In addition to considering these UDMA best interest factors, the juvenile court's findings and order are consistent with the Children's Code and its legislative purposes.  The juvenile court's written order explicitly states that that it had jurisdiction over the APR by virtue of the Children's Code, specifically, that it had jurisdiction "pursuant to C.R.S. 19-1-104[, C.R.S. 2025]."  *See L.A.G.*, 912 P.2d at 1388 (Once a court accepts jurisdiction pursuant to section 19-1-104, it "must determine the question of custody according to the provisions of the [Children's] Code.").

¶ 11    And significantly, the juvenile court's oral findings and order focus on the protection and safety of the child rather than the parents' custodial interests.  *H.K.W.*, ¶ 13.  The juvenile court

5

repeatedly considered the child's safety and welfare, both as it related specifically to section 14-10-124(1.5)(a)(V), but also more generally. It found, "[w]hen rendering a decision as to parenting time . . . , the court must evaluate how a parent's mental health issues . . . impact the child's well-being and safety, ensuring that decisions are evidence based and focused on the child's best interests pursuant to [section] 14-10-124." But it also stated, without referencing the UDMA, that "protective measures . . . [were] necessary to optimize the child's safety and serve her best interests." The juvenile court thus focused on the protection of the child's welfare and safety in addition to the best interest factors from the UDMA. *See* § 19-1-102(1); *L.G.*, 890 P.2d at 654. In this way, its ruling considered the legislative purposes of the Children's Code because it "encompass[ed a] determination of whether [the parenting time award] would best serve [the] child's welfare and the best interests of society." *L.A.G.*, 912 P.2d at 1393.

¶ 12    We are satisfied that the court applied the correct legal standard in this matter.

### III. Mother's Remaining Argument

¶ 13 To the extent that mother also argues that the juvenile court's ruling was not supported by the evidence, we disagree. Mother accurately points out that the record contains evidence that she "engaged in mental health therapy, maintained safe and appropriate housing, and . . . could meet the child's needs." Nevertheless, other evidence supports the court's findings. For example, mother did not inform father of major decisions for the child, mother's mental health issues sometimes prevented her from safely driving with the child, mother struggled with employment, and the child had school-attendance issues while in mother's care. Because there is record support for the juvenile court's findings, we will not disturb its resolution of conflicting evidence. *See B.R.D.*, 2012 COA 63, ¶ 15.

### IV. Disposition

¶ 14 The judgment is affirmed.

JUDGE FREYRE and JUDGE BROWN concur.